IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NANCY LAWRENCE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-61-WKW |
| | ) | [WO] |
| ERIC M. NATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On April 13, 2016, the Magistrate Judge filed a Recommendation in this case. (Doc. # 28.)  Defendant Guardian Life Insurance Company of America ("Guardian") filed Objections (Doc. # 29), in which Defendant Eric M. Nation ("Nation") joined (Doc. # 30).  Plaintiffs Nancy Lawrence ("Lawrence") and Freddrick A. Hardy Sr. ("Hardy") filed a Response to Defendants' Objections (Doc. # 33), and Defendants filed a Reply (Doc. # 34).  Plaintiffs then sought and were granted leave to file a Surreply.  (Docs. # 35, 39, and 40.)  Upon careful consideration, Defendants' Objections will be overruled, the Recommendation will be adopted, and Plaintiffs' Motion to Remand (Doc. # 15) will be granted.  All other pending motions must be denied for lack of subject-matter jurisdiction.

# I.  STANDARDS OF REVIEW

Where a party makes objections to the recommendation of the magistrate judge, the portions of the recommendation to which objections are made are reviewed *de novo*.  28 U.S.C. § 636(b)(1).

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  At the same time, "[f]ederal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  In removal actions, federal courts must strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the removing party.  *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

# II.  BACKGROUND

This action arises from a dispute over insurance benefits.  The relevant facts and procedural history will first be discussed.

## A.  Facts

Kingdom Now Movement ("Kingdom Now") is a faith-based organization incorporated under the laws of Alabama.  Its mission is to foster a community of pastors, leaders, and other individuals who will work together to promote the movement's religious philosophy.  The Kingdom Now network includes a number of affiliate churches.

Guardian issued a group life insurance plan to Kingdom Now.  The group plan, by its terms, only allowed Kingdom Now employees to purchase coverage. According to Lawrence and Hardy, Guardian, acting through its agent Nation, approached affiliate churches within the Kingdom Now network seeking to sell insurance policies under the Kingdom Now group plan.  Lawrence and Hardy allege that Nation represented to church members that, because Kingdom Now is a faith-based organization, Guardian could offer life insurance policies under the group plan to all church members, including those who were not traditional paid employees of Kingdom Now.  Lawrence and Hardy both applied for life insurance policies based on these representations.

Lawrence purchased life insurance policies for her mother and father, neither of whom was a paid employee of Kingdom now.  Lawrence was listed as the beneficiary under both plans.  She alleges that she made timely premium payments on both policies, and that the policies were in full force and effect during the time periods relevant to this action.  When Lawrence's mother and father died, Lawrence made claims for death benefits under each policy.  Guardian denied these claims because the insureds were not paid employees of Kingdom Now.

Hardy similarly purchased a life insurance policy for his grandfather, who was not a paid Kingdom Now employee.   Hardy was listed as a beneficiary under the plan.  He contends that he made timely premium payments on the policy, and that

the policy was in full force and effect during time periods relevant to this suit. When Hardy's grandfather died, Hardy made a claim for benefits under the plan. Guardian denied the claim, reasoning that Hardy was not entitled to benefits under the plan because the insured was not a paid employee of Kingdom Now. Guardian has not paid Lawrence or Hardy any benefits under these policies.

## B.   **Procedural History**

Plaintiffs filed this action in the Circuit Court of Montgomery County. Their complaint (Doc. # 1-2) raises nine state-law causes of action: (1) fraudulent misrepresentation; (2) fraudulent suppression; (3) negligent or wanton misrepresentation and suppression; (4) negligent or wanton hiring or training; (5) negligent or wanton procurement; (6) conversion; (7) breach of contract; (8) bad faith; and (9) failure to investigate. They seek compensatory and punitive damages.

Guardian filed a notice of removal, in which Nation joined. They contend that the insurance policies in question are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* According to Guardian and Nation, the court has federal question subject-matter jurisdiction over Plaintiffs' claims because ERISA completely preempts those claims. *See* 28 U.S.C. § 1331.

In response to the notice of removal, Plaintiffs filed a motion to remand. (Doc. # 15.) Before responding to the motion to remand, Guardian filed a motion for summary judgment. (Doc. # 18.) Plaintiffs filed a motion to strike the motion for

4

summary judgment or, in the alternative, to hold the motion in abeyance until a ruling could be made on the motion to remand.  (Doc. # 20.)  Plaintiffs also sought an expedited ruling on the motion to strike.  (Doc. # 21.)  After the parties briefed these related motions, the Magistrate Judge entered a Recommendation (Doc. # 28) that Plaintiffs' motion to remand be granted.

Guardian filed objections to the Recommendation, which included a motion for jurisdictional discovery.  (Doc. # 29.)  Guardian then filed an amended motion for jurisdictional discovery.  (Doc. # 32.)  The issues raised in the objections and motions for jurisdictional discovery have been fully briefed.  (*See* Docs. # 33, 34, 35, and 40.)  Guardian requested oral argument (Doc. # 36), but this matter is considered submitted on the briefing and will be decided without oral argument.

### III.  DISCUSSION

The Magistrate Judge found that this action is due to be remanded to the Circuit Court of Montgomery County for two reasons.  First, the Kingdom Now insurance plan constitutes a "church plan" such that it is exempt from the ERISA scheme.  Second, Defendants failed to carry their burden of showing that Lawrence and Hardy have ERISA standing.  Defendants object to both of these findings, arguing that Kingdom Now is not a church within the meaning of ERISA, and that Plaintiffs are beneficiaries with ERISA standing.

The principles governing ERISA preemption generally will first be outlined. Then the issue of whether Kingdom Now's plan constitutes a church plan will be considered. Finally, the issue of Plaintiffs' ERISA standing will be addressed.

## A.   ERISA Preemption Generally

Congress enacted ERISA with the overarching goals of expanding employee benefit plans and protecting participants in those plans. 29 U.S.C. § 1001. By implementing a comprehensive system of benefits plan regulation, ERISA ensures that benefit plan administration will be uniform across the nation. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). The uniformity of ERISA's system is due in large part to its preemption of most state laws relating to employee benefits plans. *See id.* The statutory scheme allows for two forms of preemption: defensive and complete.

Defensive preemption is a creature of ERISA's express preemption provision. 29 U.S.C. § 1144. That portion of the statute provides preemption as an affirmative defense to certain state-law claims. Complete preemption arises from the comprehensive nature of ERISA's remedial scheme for claims of loss or denial of benefits. *See* 29 U.S.C. § 1132. Because ERISA's remedial provision "comprehensively occupies" this field of law, any state-law claims that seek relief available under that provision are necessarily federal in nature. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211–12 (11th Cir. 1999).

6

Whether Plaintiffs' state-law claims are subject to defensive or complete preemption is central to whether the court has subject-matter jurisdiction over this action. To invoke federal question jurisdiction, the complaint must raise a claim that arises under federal law. 28 U.S.C. § 1331. That the defense to a claim is federal in nature generally does not evidence a federal question. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 11 (1983) (explicating the well-pleaded complaint rule). Accordingly, under this rule, defensive ERISA preemption of a plaintiff's claims is insufficient to invoke federal jurisdiction under § 1331. *Butero*, 174 F.3d at 1212. Where a plaintiff's claim falls within the remedial scheme contemplated by 29 U.S.C. § 1132, however, such that it is subject to complete ERISA preemption, it is entirely federal in nature and thus invokes federal question jurisdiction. *Id.* at 1211–12.

Because federal question jurisdiction is the only basis under which this action is properly removable, the motion to remand turns on whether ERISA completely preempts Plaintiffs' claims. Their claims are subject to complete preemption only if they seek relief that is available under 29 U.S.C. § 1132(a). *Butero*, 174 F.3d at 1212. To show that Plaintiffs' claims are completely preempted, and thus to establish the propriety of removal, Defendants bear the burden of satisfying four elements: (1) that there is a relevant ERISA plan; (2) that Plaintiffs have standing to sue under ERISA; (3) that Guardian is an ERISA entity; and (4) that Plaintiffs'

state law claims seek compensatory relief akin to the relief available under § 1132(a). *Id.* The Magistrate Judge found that Defendants failed to carry their burden as to two of these elements.

## B.     Whether the Kingdom Now Plan is a Church Plan

The Magistrate Judge first found that Defendants failed to carry their burden as to the first element of the complete preemption analysis. That is, because Kingdom Now's employee benefits plan qualifies as a "church plan" such that it is exempt from ERISA's regulatory scheme, there is no relevant ERISA plan at issue in this action. *See Butero*, 174 F.3d at 1212.

Church plans are exempt from ERISA coverage unless the church elects to be covered. 29 U.S.C. § 1003(b)(2). A plan qualifies for this exemption if it is "established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches." 29 U.S.C. § 1002(33)(C). In their objections to Recommendation, Defendants raise three issues concerning whether Kingdom Now's plan is exempt as a church plan. First, Defendants contend that Plaintiffs have not come forward with sufficient evidence to establish that Kingdom Now is a church. Second, they argue that the evidence they have produced establishes that Kingdom Now is not a church. Third, they maintain that they are entitled to jurisdictional discovery for the purpose of ascertaining whether Kingdom

Now in fact qualifies as a church for purposes of this ERISA exemption. These three issues will be addressed in turn.

First, to the extent Defendants contend that Plaintiffs have failed to establish that Kingdom Now is a church subject the church plan exemption, this argument admits of a misunderstanding of the burden of persuasion on issues of removal. Defendants, as the removing parties, bear the burden of establishing that this court has subject-matter jurisdiction over the claims raised in the action. *See Miedema*, 450 F.3d at 1328. That Plaintiffs came forward with no evidence relating to Kingdom Now's status as a church is of no moment. This particular objection to the Recommendation is without merit.

Second, Defendants argue that the evidence of record is sufficient to establish that Kingdom Now is not a church, and thus Kingdom Now's plan does not fall within the church plan exemption. In support of this position, Defendants first point to Kingdom Now's Articles of Incorporation, which establish that Kingdom now is a corporation organized under the laws of Alabama. (Doc. # 18-1.) Defendants seem to suggest that, because Kingdom Now is a corporation, it cannot also be a church. But Defendants cite no authority supporting the proposition that "church" and "corporation" are mutually exclusive statuses, and it is doubtful that any such

authority exists.[1]  Defendants also note that, in Kingdom Now's application for a plan of group insurance with Guardian, Kingdom Now listed "church" under nature of business.  (Doc. # 18-8.)  According to Defendants, this fact supports the finding that Kingdom Now is not a church.  This argument defies logic.

Defendants also submitted new evidence, in conjunction with their objections, to support their argument that Kingdom Now is not a church.  An exhaustive review of Defendants' submissions and arguments reveals that none of this evidence is availing.  Defendants note that Hardy is listed as "Bishop" on Kingdom Now's application for a Guardian group insurance plan (Doc. # 18-2), but that Hardy actually acts as Bishop of Faith Christian Church, which is part of the Kingdom Now network.  (*See* Doc. # 29-2.)  Hardy is also listed in Kingdom Now's Articles of Incorporation as "President."  (Doc. # 18-1.)  According to Defendants, the fact that Hardy is listed as the president of Kingdom Now, but as Bishop of Faith Christian Church, means that Kingdom Now cannot be a church.  This argument beggars belief.  As Plaintiffs astutely note, a corporation organized under the laws of Alabama must designate a president.  *See* Ala. Code § 10A-3-2.21.  That Hardy is listed as the president of Kingdom Now is of no relevance to the organization's status as a church *vel non*.

---

[1] Plaintiffs note in their briefing that many churches are registered as corporations under the laws of Alabama.

Defendants additionally note that the address of record for Kingdom Now is identical to the address of record for Faith Christian Church.  (Docs. # 18-1 and 29-2.)  This matters, by Defendants' reasoning, because churches must have physical locations where congregants can meet and worship.  Because Kingdom Now has no separate location in which its congregants can meet, according to Defendants, it cannot be a church within the meaning of ERISA.  Tellingly, Defendants cite no authority, legal or otherwise, in support of this proposition.  This evidence, which in fact suggests direct affiliation with a house of worship, more logically supports the finding that Kingdom Now is a church.  Suffice it to say that Defendants' argument on this point is unpersuasive.  The evidence of record is insufficient to establish that Kingdom Now is not a church.

Third, Defendants seek jurisdictional discovery to determine conclusively whether Kingdom Now is a church such that its plan is exempt from ERISA's requirements.  It is true that Defendants face difficulty proving that Kingdom Now is not a church without the benefit of conducting further discovery, though it must be noted that the evidence currently available supports the finding that Kingdom Now qualifies as a church.  Where further factual development is necessary to resolve issues of subject-matter jurisdiction, district courts may allow jurisdictional discovery.  *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982).  Even so, Defendants only request jurisdictional discovery to the extent it would aid

them in establishing that Kingdom Now's plan does not fall within the church plan exemption. And as discussed in Part III.C, *infra*, this action is due to be remanded on the separate ground that Plaintiffs lack standing to sue under ERISA. The issue of Kingdom Now's status as a church is ultimately unnecessary for the resolution of this matter, and jurisdictional discovery will not be permitted.

Accordingly, as they relate to the Magistrate Judge's finding that Kingdom Now's plan is exempt as a church plan, Defendants' objections are due to be overruled. Defendants' evidence is insufficient to show that Kingdom Now is not a church within the meaning of ERISA. Though jurisdictional discovery might otherwise be appropriate under these circumstances, it will not be allowed here because the motion to remand is due to be granted for an independent reason.

## C.   **Whether Plaintiffs Have ERISA Standing**

The Magistrate Judge also found that Defendants failed to carry their burden as to the second element of the complete ERISA preemption analysis. *See Butero*, 174 F.3d at 1212. Because the insureds were not employees of Kingdom Now, they were not plan participants. And because the insureds were not plan participants, Lawrence and Hardy are not beneficiaries within the meaning of ERISA's standing provision.

ERISA's civil enforcement provision narrowly limits the categories of parties with standing to sue under an ERISA plan. That portion of the statute provides that

only a "participant" or a "beneficiary" may bring a civil enforcement action thereunder.  29 U.S.C. § 1332(a); *see also Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir. 1998) ("ERISA's civil enforcement section permits two categories of individuals to sue for benefits under an ERISA plan—plan beneficiaries and plan participants.").

The statute defines "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit."  29 U.S.C. § 1002(7).  It further defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).

In their objections, Defendants contend that the Magistrate Judge "conflated ERISA standing with the Plaintiffs' entitlement to benefits" under the relevant plans. (Doc. # 29, at 6.)  This broad objection comprises two more focused issues. Defendants first argue that Hardy and Lawrence have ERISA standing as plan beneficiaries because they have at least colorable claims to benefits under the Kingdom Now plan.  Defendants also argue that, because Kingdom Now has some

employees, the insureds under the plans at issue in this action were participants under ERISA.

The first issue raised in Defendants' broad objection regarding standing is whether Plaintiffs qualify as beneficiaries within the meaning of ERISA by virtue of the fact that they have "colorable" claims that they are entitled to benefits under the Kingdom Now plan.  The gravamen of Defendants' position is that, merely because Plaintiffs brought this action claiming they are entitled benefits under the relevant plans, they qualify as beneficiaries within the meaning of 29 U.S.C. § 1002.  The legal authority on which Defendants rely for this position is inapposite, and this particular aspect of their objections is due to be overruled.

Defendants first reference *Firestone Tire & Rubber Co. v. Bruch* for the proposition that anyone with a colorable claim to plan benefits has standing to sue under ERISA.  489 U.S. 101, 117 (1989).  The *Firestone* Court held no such thing. In fact, it considered and rejected the theory that any claimant, by virtue of making a claim for benefits under an ERISA plan, has ERISA standing.  *Id.*  Declining to follow a lower court decision that endorsed such a theory, the Court in *Firestone* held that only those plaintiffs meeting the statutory definitions of participant or beneficiary have standing to sue under ERISA.  *Id.*  The Court went on to explain that the term participant, as defined in § 1002(7), refers only to persons who are current or former employees of the plan employer.  *Id.*

14

The language Defendants quoted from Justice Scalia's concurring opinion, which references the concept of colorable claims, likewise does not support Defendants' position on this point.   Justice Scalia wrote separately to note his understanding of the statutory definition of participant as including "those whose benefits have vested, and those who (by reason of current or former employment) have some potential to receive the vesting of benefits in the future . . . ." *Id.* at 119 (Scalia, J., concurring).   It simply does not follow from Justice Scalia's reasoning that anyone who claims to be entitled to payment has standing merely by virtue of his making a claim related to an employee benefit plan.   The proper standing analysis turns, as the majority of the *Firestone* Court held, on whether the plaintiff meets the statutory requirements as either a participant or a beneficiary.

The second case on which Defendants principally rely is *Daughtry v. Birdsong Peanuts*.   168 F. Supp. 2d 1287 (M.D. Ala. 2001).   According to Defendants, this case also supports the notion that anyone claiming benefits under an employee benefits plan is a "beneficiary" within the meaning of § 1002(8).   A full reading of the background facts underlying the decision in *Daughtry*, however, reveals that it does not support such a sweeping principle.

The plaintiffs in that case, in order to avoid ERISA coverage, claimed that they should not be treated as beneficiaries of the relevant plan despite overwhelming evidence indicating that they were in fact designated as beneficiaries.   The *Daughtry*

15

court did note that a plaintiff who has a colorable claim to benefits cannot avoid the exercise of federal jurisdiction by claiming that he is not a beneficiary of the relevant plan. *Id.* at 1293. In that case, however, it was clear that the plaintiffs were the intended beneficiaries of plans for which the insured qualified as a participant under ERISA.

In the case at bar, it is far from clear that the insureds under the relevant plans in fact qualify as plan participants. In fact, Defendants have taken the position that the insureds under the Lawrence and Hardy policies were not Kingdom Now employees, foreclosing the possibility that the insureds were plan participants within the meaning of § 1002(7). As will be addressed in more detail below, where the insureds do not qualify as plan participants under § 1002(7), the named beneficiaries do not qualify as statutory beneficiaries within the meaning of § 1002(8). Though the bare language of *Daughtry* ostensibly supports Defendants' position regarding Plaintiffs' standing, a proper reading of the case reveals that it is inapposite.

Defendants also cite *Glass v. United of Omaha Life Ins. Co.*, but that case is unpersuasive. *See* 33 F.3d 1341 (11th Cir. 1994). According to Defendants, the plaintiff in *Glass* "argued against ERISA preemption, asserting that he was not a beneficiary under ERISA because the deceased 'was not working 30 hours per week at any time after the plan became effective and thus was not eligible for the plan.'" (Doc. # 29, at 8 (quoting *Glass*, 33 F.3d at 1345).) Defendants severed this quotation

from its proper context and, in doing so, have wholly mischaracterized the holding of the case. The number of hours the deceased was working per week was not the focus of the preemption analysis at all. Instead, that fact was relevant to the court's holding that the insurer did not wrongfully deny plan eligibility.[2] Nothing in the *Glass* opinion suggests that the plaintiff at any time argued that she was not a beneficiary within the meaning of § 1002(8). Examined in its proper context, *Glass* lends no support to Plaintiffs' objections.

After stripping away the unpersuasive legal authority on which Defendants rely, all that remains for examination is the clear import of the statutory text regarding ERISA standing. Only participants and beneficiaries have standing to sue under ERISA. 29 U.S.C. § 1332(a). Despite Defendants' objections to the contrary, Plaintiffs are not considered "beneficiaries" under ERISA merely by virtue of the fact that they have colorable claims to benefits. Under § 1002(7), as expounded by the Supreme Court in *Firestone*, a party only qualifies as a plan participant if he is, or at some point was, in an employer-employee relationship with the plan employer. *See* 29 U.S.C. § 1002(7); *Firestone*, 489 U.S. at 117. And to qualify as a beneficiary

---

[2] The actual quotation from that case reads as follows: "Several of appellant's claims warrant little discussion. First, it is clear that Hostetter was not working 30 hours per week at any time after the plan became effective and thus was not eligible for the plan. Thus, there was no wrongful denial of eligibility under ERISA." *Glass*, 33 F.3d at 1345.

under § 1002(8), a party must have been designated as a beneficiary under the plan by a qualified plan participant.  29 U.S.C. § 1002(8).

As the Magistrate Judge found, a party's status as beneficiary depends on the insured's status as participant.[3]  If, as was the case with the Lawrence and Hardy plans, the insureds were not paid employees of the plan employer, the named beneficiaries do not have standing to sue under ERISA.  Defendants denied benefits to Lawrence and Hardy, at least in part, because the insured decedents were not paid employees of Kingdom Now.  (Doc. # 18-5, at 33; Doc. # 18-7, at 44.)  They seek removal by operation of ERISA preemption, but the fact that the insureds were not paid employees forecloses this possibility.  In this sense, Defendants are hoisted on their own petard[4] back to state court.

The second issue Defendants raise with respect to ERISA standing deals with Kingdom Now's status generally as an employer.  Apparently recognizing that Plaintiffs cannot be considered beneficiaries if the insureds were not participants

---

[3] Hardy is listed as the president of Kingdom Now, which leaves open the possibility that he is a participant under the Kingdom Now plan.  Defendants offer no argument suggesting that Hardy is a participant by virtue of his status as a paid employee, nor do they point to any evidence in the record indicating that Hardy is a plan participant with standing to sue with respect to his grandfather's plan.  In the absence of any relevant argument or evidence, this tenuous possibility cannot form the basis of federal subject-matter jurisdiction.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that jurisdictional doubts must be resolved in favor of remand).

[4] *See* WILLIAM SHAKESPEARE, HAMLET, PRINCE OF DENMARK act 3, sc. 4 ("Let it work; For 'tis the sport to have the engineer Hoist with his own petard . . . .").

under § 1002, Defendants argue in their reply brief that Kingdom Now has some plan participants because it has some employees.  It is unremarkable that Kingdom Now has some employees—ERISA standing depends on something different.  The relevant inquiry, under §§ 1002 and 1132, is whether the insureds were employees.  This is essential to the finding that the insureds are plan participants, and by extension that Plaintiffs are plan beneficiaries.

Defendants' evidence is insufficient to show that the decedent insureds were in an employer-employee relationship with Kingdom Now.  In the Kingdom Now application for group coverage, in response to the question whether any employees were "currently not actively at work," Hardy, as representative for Kingdom Now, responded "no."  (Doc. # 18-8, at 2.)  The only import of this evidence is that, with respect to Kingdom Now generally, Hardy represented that all persons employed by Kingdom Now were actively at work.  This application response in no way indicates that Lawrence's parents or Hardy's grandfather were ever employed by Kingdom Now.  And evidence in the record shows that Defendants took the position, in denying benefits to Plaintiffs, that the decedent insureds were not paid employees of Kingdom Now.  (Doc. # 18-5, at 33; Doc. # 18-7, at 44.)

Upon careful consideration, Defendants' objections regarding ERISA standing are due to be overruled.  The Magistrate Judge correctly found that Plaintiffs do not qualify as plan beneficiaries within the meaning of § 1002(8).

Because Plaintiffs do not have ERISA standing, this action is not completely preempted under ERISA's civil enforcement provision.  *See Butero*, 174 F.3d at 1212.  Defendants failed to carry their burden of establishing the court's subject-matter jurisdiction, and Plaintiffs' motion to remand is due to be granted.

## IV.  CONCLUSION

Accordingly, it is ORDERED as follows:

1.      Defendants' Objections (Doc. # 29) are OVERRULED.

2.      The Recommendation (Doc. # 28) is ADOPTED.

3.      Plaintiffs' Motion to Remand (Doc. # 15) is GRANTED.

4.      All remaining motions (Docs. # 18, 20, 21, 32, and 36) are DENIED for lack of subject-matter jurisdiction.

5.      This case is REMANDED, pursuant to 28 U.S.C. § 1447(c), to the Circuit Court of Montgomery County, Alabama.

6.      The Clerk of the Court is DIRECTED to effectuate remand.

DONE this 14th day of June, 2016.

                              /s/ W. Keith Watkins
                    CHIEF UNITED STATES DISTRICT JUDGE